# WINTER v. THE CENTRAL IOWA RAILWAY COMPANY.

1. **Appeal:** COSTS OF TRANSCRIPT. An agreement that this cause should be submitted to this court upon the abstract and amended abstract was a concession that the abstract was not complete; and a motion by appellant to tax the costs of the transcript to appellee, on the ground that the abstract was full and true, and that the transcript was made necessary only by appellee's unwarranted denial of it, is overruled.

2. **Railroads:** INJURY TO PASSENGER: NEGLIGENCE: PLEADING AND PROOF. In an action for a personal injury, caused by the alleged negligence of defendant's engineer in backing his train against the caboose in which plaintiff was riding, with such force as to throw him against a desk, where the petition charged that the engineer carelessly and negligently ran the engine, *held* that, if an omission to sound the bell and whistle was a careless running of the engine under the circumstances, then such omission might be proved without being particularly pleaded.

3. **Personal Injuries:** EXTENT OF: EVIDENCE OF SUBSEQUENT ACTS. In an action for personal injuries the plaintiff may show by witnesses how he habitually acted after the accident, for the purpose of establishing the extent of his injuries.

4. ———: PRIOR CONDITION: EVIDENCE OF NON-EXPERTS. In such case persons who were not experts might properly testify as to plaintiff's condition and appearance prior to the accident, as to having recovered from former injuries.

5. ———: VALUE OF SERVICES BEFORE AND AFTER: EVIDENCE. In such case plaintiff is not by his interest excluded from testifying to the value of his services before and after the injury.

6. **Appeal:** EVIDENCE TO SUPPORT VERDICT. Where there was testimony tending to establish each allegation that plaintiff was bound to prove, a verdict in his favor cannot be disturbed in this court on the ground of want of evidence to support it.

7. **Instructions:** WHEN PROPERLY REFUSED. There is no error in refusing instructions asked, when the substance of them, so far as they are correct expressions of the law, is embraced in those given. (See opinion for illustrations.)

8. ———: STATING ISSUES: EVIDENCE TO WARRANT. Where plaintiff claimed in his petition that his shoulder-blade or joint was broken, and there was evidence of injury to the shoulder, and that a bone or bones were broken, *held* that the court was justified in submitting to the jury the claims of plaintiff as made.

9. **Witnesses:** CREDIBILITY : INSTRUCTION. In this case the court instructed : " It does not follow, merely because a witness makes an untrue statement, that his entire testimony is to be disregarded. This must depend upon the motive of the witness. If he intentionally swears falsely as to one matter, the jury may properly reject his whole testimony as unworthy of credit. But, if he makes a false statement through mistake or misapprehension, they ought not to disregard his testimony altogether, and they should not consider the circumstance further than as showing inaccuracy of memory or judgment on the part of the witness." *Held* that, when read together, the instruction was not open to the objection that the accepting or rejecting of the testimony was made to depend wholly upon the motive of the witness.

10. ———: IMPEACHMENT : INSTRUCTION. An instruction that, before a *witness* can be regarded as impeached on account of his bad reputation for truth and morality, it must be shown that the bad reputation is general in the community where he lives, that is, that it is generally so reputed and considered in the community, is not open to the objection that it requires the opinion of the community to be unanimous.

11. **Special Interrogatories :** WHEN PROPERLY REFUSED. Special interrogatories calling for findings, not of ultimate facts, but upon incidental questions, and which were likely to confuse the jury, were properly refused.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, JUNE 3, 1890.

MARCH 3, 1885, plaintiff filed his petition alleging that, on November 7, 1884, he was a passenger on one of defendant's trains from Mason City to Sheffield, in a caboose attached to a freight train ; that *en route* the train separated, the engine and a number of cars going forward, leaving the caboose and several cars that were stopped ; that defendant's engineer wilfully, carelessly and negligently backed the engine and cars attached thereto against the cars to which the caboose was attached, with great force, by reason of which plaintiff was thrown against a desk in the caboose, so that his right shoulder-blade and joint were broken, the muscles of his right arm badly bruised and torn, his right hand

bruised, and his head severely cut and injured ; that, in consequence of such injuries, he has suffered and will suffer great pain, has been unable to perform any labor or look after his business, and has expended five hundred dollars for medical and other attendance, to his damage ten thousand dollars. By amendment filed October 25, 1886, he alleged that his collar-bone was broken, and, by another amendment, filed during the trial, that, as a result of the shock and injuries to his head, his brain and nervous system and nerves of hearing were greatly affected and hurt, causing him disagreeable sensations in the head, and permanently injuring his hearing. Defendant answered, admitting that it was a corporation, and engaged in carrying passengers, and denying every other allegation in the petition. The case was tried to a jury, and a verdict for two thousand dollars in favor of plaintiff, with certain special findings, returned. Defendant's motion in arrest of judgment and for new trial was overruled, and judgment entered on the verdict, from which defendant appeals.

*Anthony C. Daly*, for appellant.

*H. C. Hemenway* and *J. J. Clark*, for appellee.

GIVEN, J.—I. October 15, 1889, plaintiff filed a denial of the correctness of defendant's abstract with his amended abstract. On the same day, defendant filed a motion to tax the costs of the transcript and amended abstract to the plaintiff, on the grounds that the abstract was full and true. The case was submitted October 18, under an agreement in open court that it should be considered upon the abstract and the amended abstract, and examination of the transcript waived. This was a concession that the abstract was not complete, and that it and the amendment contained the substance of the entire record. For this reason, defendant's motion is overruled.

1. APPEAL: costs of transcript.

II. Defendant complains of the overruling of certain objections to testimony introduced by plaintiff.

Winter v. The Central Iowa Ry. Co.

**2. RAILROADS : injury to passenger : negligence : pleading and proof.** Plaintiff was permitted to prove that neither the engine whistle nor bell was sounded. The charge was that the engineer carelessly and negligently ran the engine. If care required that he signal the approach, then an omission to do so would be a careless running of the engine. True, as claimed, there is no averment that he failed to give warning ; but that is included in the general charge of negligence, if to do so pertained to the running of the engine. If defendant desired a more specific statement as to what was reliedupon as constituting the negligence charged, he should have moved for it.

**3. PERSONAL injuries : extent of : evidence of subsequent acts.** Plaintiff was permitted to introduce evidence of his acts after the accident, such as that he tried to work and could not ; that he only used his right arm from the elbow ; that he was not able to cut meat, and the like. Defendant claims that this testimony was inadmissible, upon the same grounds that his declarations in his own favor would be. In making declarations as to his disability, he necessarily has in mind his own interests ; but, in his actions, not so. True, he may dissemble by actions as well as by words, but not probably so, through a long and continuous course of action.

**4. —: prior condition : evidence of non-experts.** Non-expert witnesses were permitted to testify to plaintiff's condition and appearance before the railroad accident,—as to having recovered from former injuries. The matters testified to are such as are within the range of common observation. That expert witnesses gave contradictory testimony does not exclude this.

Plaintiff testified that, because of his injuries, he had farmed less acres than before. Defendant elicited answers on cross-examination, tending to show that the reduction was because of financial embarrassments, and then moved to withdraw all the testimony. The motion was properly overruled, as this testimony was so connected with other proofs as to give it a bearing upon the question of disability.

Plaintiff was permitted to testify as to the value of his services before and since the alleged injuries. Plaintiff was a competent witness, and this a proper subject of inquiry. His interest as a party went to the weight of his testimony, and not to its exclusion. We do not discover any prejudicial errors in overruling defendant's objections to testimony.

5. ——: value of services before and after: evidence.

III. Among the special findings returned were the following, submitted at the request of the defendant: "11. Do you find that, since the alleged railroad injury, Winter has frequently and often used his arm and shoulder in his customary work and labor? A. No."

6. APPEAL: evidence to support verdict.

"17. Is Winter now laboring under any permanent injury, the result of the alleged railroad accident, which materially affects his ability to do his usual and customary work? A. Yes."

Defendant contends that neither of these special findings, nor the general verdict, is supported by the evidence. The controlling questions in dispute were whether defendant's engineer was negligent in the respect charged, whether plaintiff was injured in consequence thereof, and, if so, the extent and effect of such injuries, and the amount of damage caused thereby. The careful reading we have given to the three hundred and fifty pages of abstract of the testimony discloses to us that, while there is marked conflict,—and especially as to the extent and effect of plaintiff's injuries,—there is testimony tending to support each proposition found by the jury. To here discuss this volume of testimony would serve no good purpose, and would extend this opinion to an unwarranted length. It is sufficient to say that there is testimony tending to establish each allegation that plaintiff was bound to prove; and, therefore, under the repeated and uniform rulings of this court, the verdict will not be disturbed on that ground.

IV. Defendant presented thirty-nine instructions and twenty special findings, and requested that they be

7. INSTRUC-
TIONS: when
properly re-
fused.

given to the jury. A sufficient reason for not giving the instructions as a whole is that they were rather in the form of special pleas for the defendant than of instructions, and that they were so extended as rather to confuse than to make plain. Defendant, however, only complains of the refusal to give certain of the instructions asked. The thought expressed in numbers 7, 22 and 23 is that nothing should be left to conjecture; that there can be no recovery for mere possible consequences. This thought was embraced in the sixth instruction given by the court on its own motion, and in the one given at the request of defendant wherein it is stated: "You cannot resort to conjecture and possibilities, but you must consider only those injuries, if any, that the plaintiff, by a preponderance of the evidence, has shown to exist." The thirteenth, sixteenth, eighteenth, twentieth and twenty-first instructions asked are with reference to the weight and credit to be given to the testimony of the plaintiff, if found to have sworn falsely, or to have attempted fraud and deception upon the court and jury. The thirteenth and sixteenth were to the effect that, if Winter had wilfully sworn falsely to any material fact, the jury might disregard his whole testimony. In its seventh instruction the court said, "If he intentionally swears falsely as to one matter, the jury may properly reject his whole testimony as unworthy of credit;" thus fully covering the grounds contended for. The eighteenth, nineteenth, twentieth and twenty-first instructions asked were upon the theory that plaintiff was attempting to practice fraud and deception as to the extent of his injuries. The instructions asked were not plain statements of the law applicable to such a claim, but rather in the way of argument. While the court did not directly instruct upon that subject separately from swearing falsely, the principle contended for is included in the seventh instruction given. Testimony had been introduced tending to show that plaintiff's general reputation for

truth and veracity, and his general moral character, were bad. Defendant asked an instruction to the effect that, if the jury believe his reputation bad, they would be justified in discarding his entire testimony. The court so instructed in paragraph eighth of the charge, with a qualification to be hereafter noticed.

Defendant's twenty-sixth instruction asked was to the effect that there is no testimony showing that plaintiff's shoulder-blade or shoulder joint was broken, and hence they should disregard that claim. There was evidence of injury to the shoulder, and of the breaking of bones; and though, technically speaking, it might not show that the shoulder-blade or shoulder joint was broken, there was no error in refusing this instruction, as the court directed the jury not to allow any damages for injuries not proven to have been sustained.

Instructions 27 and 28 relate to contributory negligence. The court instructed the jury that the law required the plaintiff to show that he used ordinary care and caution to protect himself, and to avoid injury. The thirty-sixth, thirty-seventh and thirty-eighth instructions are to the effect that, if plaintiff had opportunity to consult a physician, and take treatment for his alleged injury, and did not do so, that fact should be considered. While this is true, yet there is no reason why this claim should be accorded prominence by a special instruction. It is not practicable to instruct specially upon every question that may arise collaterally in a case. The instructions given embraced this as well as the other phases of the case. We find no error in refusing instructions asked.

V. Defendant complains of the first, seventh and eighth paragraphs of the court's charge. The first sets out plaintiff's claim as stated in the petition. Defendant contends that there was no evidence to support the claim that plaintiff's shoulder-blade or joint was broken, and, therefore, such claim should not have been submitted. As already stated, there was evidence tending to show

8. ——: stating issues: evidence to warrant.

injury to the shoulder, and that a bone or bones were broken. Whether it was the shoulder-blade or joint was a proper inquiry for the jury. In the seventh paragraph the jury were instructed as follows: "It does not follow, merely because a witness makes an untrue statement, that his entire testimony is to be disregarded. This must depend upon the motive of the witness. If he intentionally swears falsely as to one matter, the jury may properly reject his whole testimony as unworthy of credit. But, if he makes a false statement through mistake or misapprehension, they ought not to disregard his testimony altogether, and they should not consider the circumstance further than as showing inaccuracy of memory or judgment on the part of the witness." Defendant complains that the accepting or rejecting of the testimony was made to depend upon the motive of the witness. Taking what was said as to motive in connection with what follows, and it is apparent that the whole testimony might be rejected if the witness intentionally swore falsely, but, if he did so through mistake or misapprehension, it should only be considered as showing inaccuracy of memory or judgment. The instruction, taken as a whole, will not bear the interpretation contended for.

VI. The eighth paragraph is as follows: "When it is successfully shown that the general reputation of a witness in the community in which he lives for truth and general moral character is bad, he is impeached, and the jury will be warranted in disregarding the testimony of such a witness as unworthy of belief. But it must be shown that the bad reputation is general in the community,—that is, that it is generally so reported and considered in the community; and if it has not been thus impeached the jury should not reject it, but should give it proper consideration and weight." Defendant contends that under this instruction the impeachment "counts for nothing unless it is the unanimous opinion of the community." We do not think the instruction will bear

such construction. Saying that it must be shown that the bad reputation is general in the community—that it is generally so reported and considered—is not saying that such must be the unanimous opinion of the community. It is simply saying that, unless generally condemned, it does not amount to an impeachment.

VII. Defendant requested the submission of twenty special findings, thirteen of which the court refused to submit. Those refused did not call for findings of ultimate facts, but upon many of the questions incidentally urged.

11. SPECIAL interrogatories: when properly refused.

Defendant claimed that plaintiff had been injured several times before the railroad accident. Instead of an interrogatory calling for the ultimate fact, we have six calling for details, and four as to how plaintiff worked and used his arm since the injury complained of. The special findings asked and refused were such as were likely to confuse the jury. We find no error in not submitting the special findings refused.

Our conclusion upon the whole record is that the judgment of the district court should be

AFFIRMED.