DAVID M. JOHNSON, RESPONDENT, v. THE MANHATTAN RAILWAY COMPANY, APPELLANT.

| 52 | 111 |
| 57 | 103 |
| 52 | 111 |
| 78 | 170 |

| 52 | 111 |
| 29ap389 | |

| 52 | 114 |
| 32ap511 | |

| 52h | 111 |
| 63ad426 | |

*Defect in the railing of the stairs in a railway station — proof of similar accidents, happening after the plaintiff's accident, is not admissible — recovery of present damages for apprehended future consequences — proof as to the amount of plaintiff's earnings, when not admissible.*

In an action, brought to recover damages alleged to have been received by the plaintiff in falling over the railing of a stairs in one of the stations upon the defendant's road, upon the ground of the negligence of the defendant, the plaintiff sought to establish such negligence by proof of the method in which the rail from which the plaintiff fell was constructed, and by proof that other accidents had happened because of such faulty construction.

Upon the trial some of the witnesses, who testified as to accidents of a similar character, were unable to determine whether the accident happened before or after the accident of the plaintiff.

*Held,* that testimony as to other accidents could not be admitted, except for the purpose of showing that the defendant had learned by experience that the structure was insufficient, and still maintained it in that defective condition.

That the fact that accidents had happened, after the one from which the plaintiff suffered, in no way tended to establish any such proposition, and that it was for the plaintiff to show, when he proved the happening of the accident, that it occurred prior to the time of that by which the plaintiff was injured and not to leave that matter to be determined simply by conjecture.

To entitle the plaintiff, in an action of this character, to recover present damages for apprehended future consequences of such an accident, there must be at least such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely so to develop.

Upon the trial evidence of the aggregate amount of the plaintiff's earnings during the year or two prior to the accident was admitted. The evidence showed that the earnings of the plaintiff were the result in part of the use of his capital and did not depend entirely upon his personal skill and services.

_Held,_ that it was error to admit this evidence, as it is only in a case where the earnings proceed entirely from the plaintiff's labor that such evidence becomes admissible.

_Ehrgott_ v. _Mayor_ (96 N. Y., 265) distinguished.

APPEAL from a judgment entered at a Circuit Court in the county of New York, upon a verdict rendered in favor of the plaintiff, in the office of the clerk of the city and county of New York on May 1, 1888, and from an order denying defendant's motion, made upon the minutes of the justice presiding at the trial to set aside the verdict and for a new trial, which was entered in the office of said clerk on the 27th day of April, 1888.

_E. S. Rapallo,_ for the appellant.

_A. G. Vanderpoel,_ for the respondent.

VAN BRUNT, P. J.: ·

This action was brought to recover damages alleged to have been received by the plaintiff in falling over the railing of the stairs of one of the stations upon the defendant's road. It is not necessary to state the facts established by the evidence in order to determine the questions arising upon this appeal. It is sufficient to say that the action was founded upon the negligence of the defendant, and it was sought to establish such negligence by proof of the method in which the rail over which the plaintiff fell was constructed, and that other accidents had happened because of such faulty construction. In order that the plaintiff should succeed in this case, it was, of course, necessary to prove that the defendant had been guilty of negligence in respect to their platform and the approaches thereto. They were bound to use that ordinary care and diligence which a person of ordinary prudence would exercise in reference to such structures, considering the uses to which they were to be put. They were not bound to anticipate every danger, neither were they bound to provide for the unexpected. As long as the structure was reasonably suited to the purposes to which it was to be applied, and their attention had not been called to any deficiency resulting from experience, the defendants were not guilty of neligence.

In order to show that this rail was insecure to the defendant's knowledge, and that, therefore, they were guilty of negligence, the

plaintiff offered evidence of other accidents of a similar character which it was claimed had happened.    In reference to some of these accidents the witness was unable to determine whether it happened before or after the accident to the plaintiff.    A motion was made to strike out some of this testimony, which motion was denied.    This was clearly error.    Such testimony could be competent only for the purpose of showing that by experience the defendants had learned that the structure was insufficient and still maintained it in that defective condition.    The fact that accidents had happened after the one from which the plaintiff suffered in no way tended to establish any such proposition, and it was for the plaintiff to show when he proved the happening of an accident that it occurred prior to the time of that which injured the plaintiff, and not to leave that matter simply to conjecture.

It would seem also that the learned court erred in admitting evidence as to various physical injuries which the plaintiff would be likely to undergo.    A physician was examined as an expert, and questions of this character were put to him:  "What is your opinion as an expert, as to the permanency or likelihood of permanency of that injury?"    "Would a fall, such as I have described, be likely to produce such a result to the brain, in your opinion, in the ordinary course of nature as would produce that dizziness or that vertigo or pain when there was any heat?"    The witness was also asked to give an opinion as to the effect, in the ordinary course of nature, as to increasing or diminishing the chances of life, the probability of life.    And to this question he answered that it might not interfere and might not cause death, but the chances are that it would have a tendency that way, etc.

This class of interrogatories in the case of *Strohm* v. *Erie Railway Company* (96 N. Y., 305) has been expressly condemned by the court of last resort.  · It was there held that consequences which are contingent, speculative or merely possible, are not proper to be considered in ascertaining the damages.    It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely so to develop.    To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such

a degree of probability of this occurring as amounts to a reasonable certainty that they will result from the original injury. The questions to which attention has been called are clearly within the prohibition here expressed, and were no more direct and certain than those criticised in the case cited, and because of which the judgment in that case was reversed.

There is also another error which seems to have been committed in the consideration of the measure of damages in the case at bar. The learned judge admitted the evidence of the aggregate amount of the plaintiff's earnings during the year or two prior to the accident. This was undoubtedly upon the strength of the decision of the Court of Appeals in the case of *Ehrgott* v. *Mayor* (96 N. Y., 265) in which a ruling admitting evidence of previous earnings was sustained; that case, however, is clearly distinguishable from the one at bar. In the case at bar it appears that the earnings of the plaintiff were the result of the use of his capital, and did not depend entirely upon his personal skill and services. In the case of Ehrgott the admission of the evidence was justified upon the ground that the plaintiff's income was not from capital invested, but solely from his personal skill and services, and, therefore, it formed an exception to the rule that previous profits in business are not admissible in evidence in cases of this description, because of their speculative character; and the Ehrgott case was expressly distinguished from the case of *Masterton* v. *Village of Mt. Vernon* (58 N. Y., 393) because of this feature which appeared in the case last cited. In no case has it been permitted, where the profits of business arise from the investment of capital, that evidence of such profits should be offered for the purpose of enhancing the damages. It is only in cases where the earnings proceed entirely from the plaintiff's labor that the evidence becomes admissible. For these errors in the admission of evidence a reversal of the judgment becomes necessary.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.