ROBERT S. ORSOR, Respondent, *v.* THE METROPOLITAN CROSS TOWN
RAILWAY COMPANY, Appellant.

*Measure of damages for personal injuries — evidence as to.*

In an action brought to recover damages for personal injuries the plaintiff has a
right to recover the amount of his pecuniary loss caused by his inability to per-
form his usual work, and his testimony as to the amount he would be able to
earn during the period of his incapacity to work is admissible in evidence where
it does not involve any element of income from invested capital; but when a
plaintiff does not know what his earnings would have been during such period,
and so states upon his cross-examination, it is improper for the jury, in render-
ing its verdict, to consider his testimony as to what he thought his earnings
would have amounted to during that period.

APPEAL by the defendant, The Metropolitan Cross Town Rail-
way Company, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
Richmond on the 3d day of November, 1893, upon the verdict of
a jury rendered after a trial at the Richmond Circuit, and also from
an order entered in said clerk's office on the 26th day of October,
1893, denying the defendant's motion for a new trial made upon
the minutes.

*Henry Thompson*, for the appellant.

*F. M. Brigham*, for the respondent.

BROWN, P. J.:

The plaintiff was injured by being thrown from the platform of
one of the defendant's cars on account of the mismanagement of
the car by the driver and conductor.

Upon the trial he was asked the following question : "Q. What
were your average earnings during that ten months, as near as you
can estimate them ?" The plaintiff answered over the defendant's
objection and exception, "I think that my earnings would average
about $40 a week during that ten months."

The court was asked to charge the jury that plaintiff could not
recover for loss of time and business, which request was refused,
and the jury were told that they might allow him as one element of

his damages " the pecuniary loss he has sustained in the way of wages," and to this charge defendant excepted upon the ground that " it is not proven in the evidence, but left so vague and indefinite that it ought to be thrown out."

Prior to being asked the question referred to, plaintiff had testified how the injury that he received affected his ability to do the work he was engaged in prior to the accident.

That at the time of the accident he had an interest in a business of one-third of the profits, which he received, not as a partner, but as compensation for his services as an employee, and that an agreement to that effect had existed for ten months preceding the accident.

Before that period he had been with the same persons, having a half interest. The following question was then asked : " By the Court. Q. What were your average earnings for the ten months ? A. I have not prepared the earnings as I did not think that would come up. I couldn't tell that. Q. Did you lose your pay from the time you were sick ? A. I received one small amount after I was injured, but I couldn't get out and they objected to my drawing money."

Upon cross-examination he testified : " This concern that I was with six years, the name of it was Orsor & Anderson. Orsor was my wife and the Anderson was his wife. They went out of business. * * * B. Anderson took up the business then ; he is the husband of the Anderson of the old firm. My arrangement was that I was to have one-third of the profits. I never had a settlement with B. Anderson, so I don't know what the profits were for those ten months."

The question as to the plaintiff's earnings was admissible, and the objection was properly overruled. (*Ehrgott* v. *The Mayor*, 96 N. Y. 264.)

The plaintiff had a right to recover for his pecuniary loss caused by his inability to perform his usual work, and the question called for his income from his personal service and did not involve any element of income from invested capital.

In this respect the case is distinguished from *Masterton* v. *The Village of Mount Vernon* (58 N. Y. 391) and *Johnson* v. *The Manhattan Ry. Co.* (52 Hun, 111).

But the jury should not have been permitted to consider this element of the case, for the reason that it was evident plaintiff did not know what his earnings were. He so stated in answer to the court and upon cross-examination.

He was injured on February 9, 1893, and the trial took place in October, 1893. The period covered · by his arrangement with Anderson was from April, 1892, to the time of the accident. It would have been entirely competent for him to have stated the amount that he had actually received during that period, but he was not asked that question.

Notwithstanding the fact that he stated that he had had no settlement with Anderson, and was not prepared to say and could not tell what his earnings were, he was permitted to say what he thought they would amount to, and the jury were permitted to consider that evidence as one of the elements of his damages. The evidence was insufficient to support any finding as to the . plaintiff's income, and the exception to the charge was well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.