providing for a revocation of the certificate for violations could be evaded by a process the simplicity of which would lead to frequent, if not universal, resort thereto. Being satisfied that Hall & Scollard are guilty of the violation of the liquor tax law aforesaid in permitting said McKeough to sell liquors upon their said premises licensed by said liquor tax certificate after knowledge on their part that he had been convicted of a felony, and in maintaining said stalls and obstructions, preventing a full view of the entire room where liquors were sold by persons present therein, and consequently that said Hall & Scollard are not entitled to hold such certificate, the order asked for in the petition is granted, revoking and canceling such certificate, with a provision that the holder of said liquor tax certificate, and any person having such certificate in his possession or control, shall forthwith surrender said certificate to the officer who issued the same, or his successor in office. Costs to the amount of $70 are allowed against the three defendants, Hall, Scollard, and Rauber.

Ordered accordingly.

---

## McNAUGHTON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 28, 1898.)

1. NEGLIGENCE—INSTRUCTIONS.
    At the trial of an action to recover damages for personal injuries, the judge, after reading one of defendant's requests to charge, to the effect that to entitle plaintiff to recover the jury must be satisfied that the injury was caused "solely by defendant's negligence," stated that he "so charged, except the word 'solely.'" No question of the negligence of any third party had been raised by the pleadings or evidence, and, both before and after the charge, the judge had clearly stated the principles governing defendant's liability. *Held*, that although the charge in question, as given, might have tended to mislead, it did not warrant a reversal.

2. DAMAGES—PERSONAL INJURIES—LOSS OF OCCUPATION.
    The plaintiff testified to the weekly amount he was earning at the time of the accident, and that thereafter, in consequence of his injuries, he had not been able to do the work belonging to his calling, which involved the lifting of heavy articles, and could not raise his arm to his head without the assistance of the other hand. *Held*, that the trial judge correctly refused to charge that there was no evidence from which the jury might find damages for loss of occupation.

Appeal from city court of New York, general term.

Action by Washington McNaughton against the Metropolitan Street-Railway Company. From a judgment of the general term affirming a judgment of the trial term, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Henry A. Robinson (J. T. Little, Jr., of counsel), for appellant.
Levy & Stuart (M. P. O'Connor, of counsel), for respondent.

GILDERSLEEVE, J. The only exceptions urged upon this appeal by the appellant are: (1) To a refusal of the trial judge to charge that there was no evidence from which the jury might find damages for loss of occupation or business; and (2) to the amend-

ment by the trial judge in striking out the word "solely" from the following request to charge, viz.:

"In an action of this kind it is an inflexible rule of law that, to entitle the plaintiff to recover, the jury, from all the evidence in this case, must be satisfied of two things: (1) That the injury sustained by the plaintiff was caused solely by the defendant's negligence; and (2) that the plaintiff did not, in any way, by his own negligence or want of care, contribute in any degree to produce the same."

This request was read before the jury, and the court said: "So charged, except the word 'solely.'" Previous to this the court had charged that the "plaintiff, before he can recover, must satisfy you by a preponderance of evidence—First, that the defendant was negligent,—in other words, that the gripman of the defendant, in the management of that car on that occasion, was negligent; and, second, that he himself was free from negligence, and did not contribute to the accident through any fault of his own, because, if you find that he did, then he received the injuries through his own fault, and cannot recover for the same from the defendant." Appellant claims, however, that the refusal of the court to use the word "solely" must have left the jury to infer that they were entitled to find for the plaintiff, although the defendant was not solely to blame; and that this was tantamount to charging the jury that they might find for the plaintiff, even if he did contribute to some extent to the injury, since there was no question as to the negligence of any third party.

There seems to be some force in this contention. It will be remembered that this request was read in hearing of the jury, after the court had made its charge on the subject in question, as last above quoted. So it is reasonable to suppose that when the court said, "So charged, except the word 'solely,'" the attention of the jury was brought particularly to this part of the request to charge, and that the preceding instruction of the court on this subject may have become somewhat modified in the minds of the jury. However, immediately afterwards, the court, on defendant's request, charged that "if the jury believe that the injury to the plaintiff was caused by his own carelessness, or that it was the result of a pure accident, then, in either event, the jury must render a verdict for the defendant." This question, therefore, presents itself, viz.: Does not this instruction, taken with the previous instruction in the body of the charge on the subject in question, cure whatever prejudice may be said to have been caused by the court's striking out the word "solely" from the request? There was no question of the negligence of any third party presented either by the pleadings or by the evidence, and the court particularly stated, after the refusal aforesaid, that if plaintiff's carelessness or negligence contributed to the accident, or if the injury was the result of a pure accident, the verdict must be for the defendant. What, therefore, could the jury have understood, except that, to entitle plaintiff to recover, the defendant's negligence must have been the proximate and only cause of the injury?

We are of the opinion that, although it would have been more correct had the trial judge charged in the exact language requested, it must be said that the alleged error under consideration does not warrant a reversal of the judgment. In the instructions given to the

jury upon the question of negligence, both before and after the taking of the exception under consideration, the learned trial judge laid down the law clearly, fully, and accurately. It is a well-settled principle that where the court has charged fully and completely, in its own way, every element of the request, it is not bound to repeat, parrot-like, the words of counsel, or reiterate in other forms the clear and pointed instructions already given. Laidlaw v. Sage, 2 App. Div. 378, 37 N. Y. Supp. 770.

The other alleged error, assigned as ground for reversal, is the refusal of the court to charge that there was no evidence from which the jury may find damages for loss of occupation or business. To this refusal the defendant duly excepted. If, therefore, we find no evidence of a pecuniary loss to the plaintiff, caused by his inability to perform his usual work, the exception was well taken. The plaintiff testified that it was three weeks before he was able to go upon his wagon, and that he could not do the other work belonging to his calling, by reason of his injuries; that he could not carry trunks, which it was his business to do, and which he was able to do, without the assistance of another man, before his injuries; that he made efforts to do business, but could not do it, because he was not able to; that he had not been able, and at the time of the trial could not, raise his arm to his head without the assistance of the other hand; that at the time of the accident he was earning $35 a week. It must be said that, although this testimony does not indicate any exact sum the plaintiff sustained by way of special damage arising from the loss of occupation, there is some evidence from which the jury might infer substantial damage of that character. In Orsor v. Railway Co., 78 Hun, 169, 28 N. Y. Supp. 966, cited by appellant in support of his contention, it was held error to permit the jury to consider damage arising from loss of earnings, for the reason that it was evident from the testimony that plaintiff did not know what his earnings were. In the case at bar we have the plaintiff's earnings before the injury, and evidence of the extent of his disability thereafter. We think there was sufficient evidence to sustain a substantial award for pecuniary loss. We therefore see it was not error for the court to refuse to charge that there was no evidence from which the jury might find damages for loss of occupation or business. In charging the jury on the question of damage the court said:

"Should you find for the plaintiff, under the rules of law I have laid down, you have a right to allow him a fair compensation for the injuries occasioned to him through the negligence of the defendant's servants, for the pain and suffering he underwent, and the loss he sustained, and no more."

This instruction was correct. It fully protected the defendant's rights, and was all on the subject that the defendant was entitled to have. There are no other exceptions in the case of sufficient importance to call for discussion.

For the reasons above given the judgment appealed from must be affirmed, with costs. All concur.