# New York, Chicago & St. Louis Railroad Company *v.* Callahan.

[No. 5,895. Filed June 18, 1907.]

1. PLEADING. — *Complaint.* — *Carriers.* — *Railroads.*—*Negligence.*— *Passengers.*—A complaint, by a passenger, alleging that defendant railroad company injured her by a collision, between two of its trains, which occurred on account of its negligence "in the construction, equipment, operation and control of said railroad and the trains thereon," is sufficient. p. 224.

2. SAME.—*Complaint.*—*Negligence.*—*Whether Acts of, Are Jointly or Severally Alleged.*—A complaint, by a passenger, against a railroad company for negligence in the construction, equipment, operation and control of its two trains which collided and caused the injuries complained of, constitutes a several charge of negligence, and proof of any one of such acts entitles plaintiff to a recovery. p. 224.

3. TRIAL.—*Instructions.*—*Railroads.*—*Injuries to Passengers.*—*Burden of Proof.*—An instruction that the occurrence of an accident caused by a common carrier, resulting in an injury to a passenger, requires such carrier to overcome the presumption of its negligence by a preponderance of the proof, is correct. p. 225.

4. SAME. — *Instructions.* — *Peremptory.*—*Railroads.*—*Negligence.*— —*Evidence.*—*Jury.*—In an action by a passenger against a railroad company for injuries inflicted, it is error, where defendant denies the charge, to instruct peremptorily that the plaintiff is entitled to a verdict, the defendant having the right to a jury trial and to have the jury pass upon the weight and credibility of the evidence, and to draw the inferences therefrom. p. 226.

5. APPEAL.—*Bill of Exceptions.*—*Original.*—*Transcript.*—Under §641f Burns 1905, Acts 1903, p. 338, §6, the original bill of exceptions included in the transcript on appeal is a part of the record, although the precipe calls for a "transcript" thereof. p. 228.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Catherine Callahan against the New York, Chicago & St. Louis Railroad Company. From a judgment for plaintiff for $800, defendant appeals. *Reversed.*

*Walter Olds, Charles M. Niezer* and *John H. Clark,* for appellant.

*Marvin E. Barnhart, Virgil S. Reiter* and *L. L. Bomberger,* for appellee.

HADLEY, J.—This is an action by the appellee against the appellant for damages resulting from an injury alleged to have been received while a passenger upon the passenger-train of appellant, by reason of the collision between said passenger-train and another train of appellant. The complaint is in one paragraph. A demurrer was filed by appellant, which was overruled. Answer in general denial, trial by jury, and verdict for appellee, together with answers to interrogatories. Motion for a new trial overruled. The overruling of appellant's demurrer is the first error complained of. It is insisted by appellee that no question is presented upon this demurrer. There appears to be some virtue in appellee's contention; but, since the cause will have to be reversed, we deem it proper to pass upon the sufficiency of the complaint.

The complaint avers that defendant is a common carrier of passengers; that plaintiff became a passenger on defendant's train; that, while on said train as such passenger, a collision occurred between said passenger-train and another train, under the control of defendant, approaching along and upon said railway; that plaintiff was then and there injured; that said collision occurred wholly on account of the negligence of the defendant in the construction, equipment, operation, and control of said railroad, and the trains thereon.

It is urged against this complaint that it does not sufficiently charge each act of negligence, and that the averments of the different acts of negligence are joint. It is well settled under our authorities that, in an action by a passenger against a common carrier for injuries sustained while on the carrier's train as such passenger, much less certainty or particularity, in charging negligence to which the injury sustained is attributable, is required than in other cases arising out of negligence, for the reason that such acts of negligence are peculiarly within the knowledge of the carrier. Simply to aver that a collision

occurred, injuring such passenger, through the negligence of the carrier is usually sufficient. And to aver that such collision occurred through the negligence of the carrier in the respects as here averred is clearly sufficient. *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360. Under this complaint proof of any one of the averred acts of negligence would be sufficient. There is no apparent connection between the different negligent acts as averred, and the case of *Southern R. Co.* v. *Jones* (1900), 33 Ind. App. 333, relied upon by appellant on this point, is not an analogous case. In that case it was clearly the theory of the complaint that the accident was caused by a combination of a defective brake and excessive speed, in which case it was held that the averments were joint, and that both should be proved. But in the case at bar, no such combination is shown by the averments; nor is any such theory disclosed in the trial of the cause. It therefore is controlled by the well-established rule that different negligent acts may be averred in one paragraph, and that proof of any one is sufficient to sustain the action. *Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583; *Diamond Block Coal Co.* v. *Edmonson* (1896), 14 Ind. App. 594; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; *Gould Steel Co.* v. *Richards* (1903), 30 Ind. App. 348; *New York, etc., R. Co.* v. *Robbins* (1906), 38 Ind. App. 172.

Objection is made to the giving of the third instruction. By this instruction the jury was told that the burden of overcoming the presumption of negligence, arising 3. from the evidence of the occurrence of an accident and the injury to the passenger, is upon the carrier, and that where the evidence shows that the injury to a passenger is brought about by a collision between said train and another train of the same company, such evidence is sufficient to warrant the jury in finding such carrier guilty of negligence. While the first clause of this instruction is

broader than it in fact should be, since the injury should be limited to an act of the carrier company, yet, taken in connection with the cause at issue, it is not erroneous. The principle involved in said instruction, with the suggested limitation, is clearly correct under our recent authorities. *Indianapolis St. R. Co.* v. *Schmidt, supra; Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694; *Terre Haute, etc., R. Co.* v. *Sheeks, supra.*

Objection is made by appellant to the giving of the seventh instruction. By this instruction the court told the jurors that they were the judges of the evidence and of the facts, and that they took the law from the court; that they had a right to consider the demeanor of the witnesses, their manner of testifying, their knowledge of facts about which they testified, and such other circumstances as would assist them in determining the truth. And then added: "Inasmuch as the plaintiff, under the evidence, is entitled to recover some sum, I have prepared and submit to you but one form of verdict, which is self-explanatory." By this clause of the instruction the jury was peremptorily told that it should find for the plaintiff in some amount. This was error. While the liability of the appellant in the cause may have been perfectly clear to the court trying the same, yet appellant was entitled to have the jury pass upon the questions involved therein, the burden of proof of which rested upon the appellee. The appellee, before she would be entitled to recover from appellant, had to prove in this case, by a preponderance of the evidence, that she was a passenger on appellant's train, that there was a collision with another train, and that she was thereby injured. And while the evidence may appear to be sufficient to prove these facts, they are not admitted by appellant, neither are they proved by documentary evidence; and therefore, under our rules, should have been submitted to the jury. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32; *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25. In the

case of *Haughton* v. *Aetna Life Ins. Co., supra,* the
rule is clearly stated as follows: "The Constitution of this
State (Art. 1, §20) provides: 'In all civil cases, the right
of trial by jury shall remain inviolate.' Courts have guard-
ed this right with scrupulous care, against any encroach-
ment. In all cases triable by jury the jurors are the sole
and exclusive judges of the facts proved, and, of necessity,
therefore, of the credibility of witnesses, and of the weight
to be given to their testimony. Where upon a material
point there is a failure of proof in the evidence of the party
having the burden of an issue, the court may, as a matter
of law, instruct the jury in favor of the other party to such
issue. Where the facts are admitted by the pleadings or
otherwise, or where the evidence upon the controlling ques-
tion is documentary, and its interpretation and construction
a matter for the court, and but one conclusion reasonably de-
ducible therefrom, then in such cases the court may, as a
matter of law, direct a verdict in accordance with the evi-
dent facts, and in favor of the party having the affirmative
of the issue. But where a determination of the issue in-
volves the credibility of witnesses, and rests upon inferences
and deductions to be drawn from facts proved, it will be
an invasion of the province of the jury for the court to
direct a verdict." In the case at bar, that appellee was a
passenger on appellant's train at the time alleged is proved
only by inferences to be drawn from facts proved. That
she was in a collision and was injured thereby is proved only
by her testimony. Under the rules above stated, the ap-
pellant was entitled to have the jury pass upon these in-
ferences and upon the credibility of her story. In such
cases it would not do for us to say that the verdict was
right, because it is clear that a substantial right of appel-
lant, the right of trial by jury, was invaded by this instruc-
tion, and we cannot therefore say it was harmless.

Appellee contends that, since the record shows that the
bill of exceptions containing the instructions is the original

bill filed below and not a transcript thereof, the same is not properly in the record. Prior to the statute enacted by the General Assembly of 1903 (Acts 1903, p. 338, §6, §641f Burns 1905) appellee's contention would be available; but by said section it is provided that in case an original bill of exceptions shall be incorporated into the transcript of the record of any cause, on appeal to the Supreme or Appellate Court such original bill of exceptions shall be considered as a part of such transcript the same as if copied therein by the clerk. Under the provisions of this section either the original bill or transcript thereof, containing matter necessary to be brought into the record by a bill, may be made a part of the record on appeal. This rule of construction is certainly a reasonable one, as we cannot conceive of any cogent reason why a copy of a bill should have more weight and import any greater verity than the original bill itself.

Judgment reversed, with instructions to sustain the motion for a new trial.