CHICAGO, R. I. & P. RY. CO. v. HALE.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1910.)

No. 3,093.

*(Syllabus by the Court.)*

1. EVIDENCE (§§ 471, 508*)—EXPERT AND OPINION TESTIMONY—TEST OF ADMISSIBILITY.

The general rule is that witnesses must state facts, and may not state their opinions.

There is an exception to this rule to the effect that the opinions of witnesses who possess peculiar skill or knowledge may be received when the facts are such that persons without such skill or knowledge are likely to prove incapable of forming a correct judgment relative to the matter in hand without such opinions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149-2151, 2311; Dec. Dig. §§ 471, 508.*]

2. DAMAGES (§ 173*)—PERSONAL INJURY—EVIDENCE OF EARNINGS ADMISSIBLE—PROFITS OF LABOR AND CAPITAL COMBINED INADMISSIBLE.

In an action for damages for personal injury, the profits of a business enterprise in which are combined capital and labor do not constitute a sound basis for estimating the earning capacity of him who furnishes the labor.

But one whose earnings are derived from the use of his labor, skill, or knowledge without the use of substantial capital may prove the amount of such earnings at and for a reasonable time before the occasion of his wrongful injury and the decrease thereof caused by the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490-492; Dec. Dig. § 173.*]

3. RAILROADS (§ 282*)—PERSONAL INJURY—FACTS—CONCLUSION.

H. made a contract with a railroad company to load cars with gravel in a gravel pit. The railroad company placed the empty cars on a spur which extended down into the gravel pit on an inclined plane. H. examined the brake upon one of them, and it appeared to be sound, and he then undertook to lower two of them into the pit by the use of the brake. The brake was so inefficient that it did not retard the cars at all and he was injured.

*Held*, there was no error in the refusal of the court to instruct the jury for the defendant.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 282.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 273*)—CHARGE—GOOD IN PART—GENERAL EXCEPTION FUTILE.

   A general exception which specifies no ground to a charge or a portion of a charge to a jury that embodies several propositions of law is futile if any of the propositions are sound.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–1622; Dec. Dig. § 273;* Trial, Cent. Dig. § 689.]

5. TRIAL (§ 261*)—REFUSAL OF REQUEST CONTAINING SOUND AND UNSOUND PROPOSITIONS.

   Where a request for an instruction contains several propositions of law, any one of which is unsound, it is not error to refuse it.

   [Ed. Note.—For other cases, see Trial, Cent. Dig: §§ 660, 671, 675; Dec. Dig. § 261.*]

In Error to the Circuit Court of the United States for the Western District of Oklahoma.

Action by John R. Hale against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

M. A. Low, C. O. Blake, H. B. Low, and W. C. Stevens, on the brief for plaintiff in error.

R. N. McConnell and B. M. Parmenter, on the brief for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and McPHERSON, District Judge.

SANBORN, Circuit Judge. The plaintiff below, John R. Hale, made a written agreement with the Chicago, Rock Island & Pacific Railway Company to load gravel into its cars at certain traps on a spur track which extended down into its gravel pits near Lawton, in the state of Oklahoma, for 15 cents per cubic yard. The spur connected with the main track, and ran down into the gravel pits upon an inclined plane a distance of about 1,200 feet. In these pits there were traps for loading the cars. The practice of the railroad company was to set several empty cars on the spur track upon the brink of the pits so that the plaintiff could let them down to the traps from time to time as he wanted to load them without the use of an engine. When the loading of a car was about completed at one of the traps on the 27th day of September, 1905, the plaintiff went up to the place where there were 10 or 12 empty cars upon the spur track for the purpose of letting some of them down the inclined plane, a distance of about 100 feet, to the trap that he might load them. He found a large heavy car with a brake that upon careful examination appeared to be good and a small car just back of it whose brake staff was broken. He separated these cars from those behind them, mounted the larger car, started the two cars down the incline, and then by the use of a stick and with his hands he tried in vain to retard and control their motion down the hill, and the forward car struck the loaded car with such violence that it threw him against a timber, and seriously injured him. He brought an action against the railway company, and recovered a judgment which this writ was sued out to reverse.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff testified that he had been working at the gravel pits letting down cars as occasion required for two months; that he had safely lowered two cars down the spur track before this occasion where he had one good brake and one that was useless. It is specified as error that, after the plaintiff had given this testimony, the court permitted him to make the following answer over the objections of the defendant that his testimony was incompetent, immaterial, irrelevant, that no proper foundation was laid for it, and that the question called for the conclusion of the witness:

"Q. I will ask you now whether based on your experience and observation there at the gravel bed two cars could be handled safely down that incline when one brake was a good one and the brake on the other car was a bad one?

"A. Yes, sir: we took one good car and handled a bad one, let two down at once."

The general rule is that witnesses must testify to the facts within their knowledge, and that they may not state their opinions. But there is a well-established exception to this rule to the effect that the opinions of witnesses who possess peculiar skill or knowledge may be received when the facts are such that persons without such skill or knowledge, and presumptively the jurors, are likely to prove incapable of forming a correct judgment relative to the matter in hand without the aid of such opinions. Chicago Great Western Ry. Co. v. Price, 97 Fed. 423, 426, 38 C. C. A. 239, 242; Lake v. Shenango Furnace Company, 160 Fed. 887, 894, 88 C. C. A. 69, 76; United States Smelting Co. v. Parry, 166 Fed. 407, 411, 92 C. C. A. 159, 163. The jurors in this case who were undoubtedly without the special knowledge which the witness had of the grade of the spur track and of the operation of two cars down the incline with a single brake were incapable of forming a correct judgment whether or not such a method of operation was reasonably safe while the experience and knowledge of the plaintiff enabled him to do so. His opinion, therefore, fell under the exception to the rule, and it was properly received in evidence.

He testified that he resided on a farm at the time of the accident; that for three years before it he had not been in any business particularly; that he had been looking after the work of loading the cars for the railroad company in their gravel pits at this place for about two months; that, when he was short a man, it was his habit to operate a wheeler or to do any work that it was necessary to have done; that he had been engaged in contracting with various parties for the performance of work for about 20 years; and that he had worked with and in the place of his men in the same way during that time that he was doing when he was engaged in the performance of this contract. It is specified as error that in this state of the record the court permitted the witness over the objections of the defendant to answer these questions:

"Q. I will ask you if you know what was your fair and average earning capacity on the 25th day of September, 1905, and just prior thereto? (Objected to as incompetent, irrelevant, immaterial, calling for conclusion of witness, not proper element of damages.) * * * A. Yes, sir; I know. * * * Q. I will ask you to state to the jury what you were earning. (Objected to as incompetent, irrelevant, immaterial, not proper measure of damages, calling for conclusion, speculative.) * * * A. About $12 a day."

The admission of this testimony is assailed in argument in the light of the facts which were subsequently proved at the trial that the plaintiff had in his employment 15 men whom he paid $1.75 per day, and 4 or 6 teams that cost him $3 per day, and 2 teams of his own, and counsel invoke the conceded rule that the profits of a business enterprise combining capital and labor do not constitute a legitimate basis for estimating the earning power of one personally contributing the element of labor where he has been wrongfully injured so as to be unable as usual to furnish that element. Boston & Albany R. R. Co. v. O'Reilly, 158 U. S. 334, 336, 15 Sup. Ct. 830, 39 L. Ed. 1006; Leeds v. Metropolitan Gaslight Co., 90 N. Y. 26, 29; Masterton v. Mt. Vernon, 58 N. Y. 391, 396; Johnson v. Manhattan Railway Company, 52 Hun, 111, 114, 4 N. Y. Supp. 848; Bierbach v. Goodyear Rubber Company, 54 Wis. 208, 211, 11 N. W. 514, 41 Am. Rep. 19.

But the ruling of the court must be judged by the state of the record when it was made. At that time there was no evidence before the court that the plaintiff had combined any substantial capital with his labor in loading the cars. The contract that he was engaged in performing and the fact that other workmen were assisting him were the only pertinent facts in the record, and the case as it then stood fell fairly within the rule that one whose earnings are derived from his labor, skill, or knowledge, without the use of substantial capital, may prove the amount of those earnings at and for a reasonable time anterior to the occasion of his wrongful injury and the decrease of these earnings necessarily effected by the injury. Ehrgott v. Mayor, 96 N. Y. 264, 276, 48 Am. Rep. 622; Winter v. Central Iowa Railway Co., 80 Iowa, 443, 45 N. W. 737, 738; Walker v. Erie Railway Co., 63 Barb. (N. Y.) 260, 265; Finken v. Elm City Brass Co., 73 Conn. 423, 47 Atl. 670, 671. There was no error in the ruling of the court here challenged. Counsel insist that the refusal of the court to instruct the jury to return a verdict for the defendant was error: (1) Because the plaintiff agreed in the written contract to hold the defendant harmless from all damages caused by injuries growing out of the negligence of the defendant or its servants, but a careful reading of the contract has convinced that the agreement of indemnity which it contains was limited and was intended to be restricted to damages from injuries to the officers, agents, and servants of the plaintiff, and that it did not extend to damages from injuries to him. (2) Because the defective brake was not the proximate cause, and the act of the plaintiff in attempting to lower two cars with one brake was the intervening independent cause of the injury, but there was evidence that these cars were empty, that two cars previously had been lowered into the gravel pit safely with one brake, and that the brake in question was so defective that it had no effect whatever to retard the cars so that its defect would have been equally futile if the plaintiff had lowered but one car with it. (3) Because the injury could not have been reasonably anticipated from the defective brake, but the plaintiff had contracted to load the cars in the pit and the defendant had agreed to furnish them. It placed them, not at the traps in the pit, but above upon the spur track, whence it knew that the plaintiff must lower them by hand, and that he would

naturally lower them by the use of the brakes upon them, which when in proper condition were safe and effective for this purpose. The duty of reasonable inspection and test of these brakes to learn whether they were in proper condition for such work was upon the company, for it agreed to furnish the cars for this purpose. There was substantial evidence that an inspection and test of this brake when the car was moving would have disclosed the hidden defect which caused the injury, and the natural and probable effect of placing a car on the brink of this pit with a brake apparently sound, but actually useless, was injury to him who attempted to lower the car to the trap for the purpose of loading it. (4) Because the uncontradicted evidence is alleged to be that the plaintiff was guilty of negligence which contributed to his injury, but the record fails to sustain this averment. It contains evidence that the plaintiff examined the brake with reasonable care before he started the car, and that it had the appearance of a safe and efficient instrument. The motion to direct the verdict for the defendant was therefore properly denied.

Several excerpts from the charge of the court and several refusals to give requested instructions are specified as error. But the charge covers eight printed pages of the transcript, and the only exception to it is in these words:

"To the giving of the charge as given by the court and to each and every part thereof the defendant objects and excepts."

Many sound and pertinent propositions of law and statements of fact are contained in the charge and a general exception which specifies no ground to a charge or a portion of a charge to a jury which embodies several propositions of law is futile if any of the propositions are sound. St. Louis, I. M. & S. Ry. Co. v. Spencer, 71 Fed. 93, 95, 18 C. C. A. 114, 116; Union Pacific R. Co. v. Thomas, 152 Fed. 365, 372, 81 C. C. A. 491, 498.

The defendant made a single request that the court give nine separate instructions which cover three printed pages of the record. The court denied that request, and the defendant objected and excepted to that denial. This exception was futile because one of the nine requests was that the court should instruct the jury to return a verdict for the defendant, and this request was unsound. Where a request for an instruction contains two or more propositions of law, one of which is unsound, there is no error in the refusal to grant it. United States v. Hough, 103 U. S. 71, 72, 73, 26 L. Ed. 305; Monarch Cycle Co. v. Royer Wheel Co., 44 C. C. A. 523, 526, 105 Fed. 324, 328; Chicago Great Western Ry. Co. v. Roddy, 131 Fed. 712, 718, 65 C. C. A. 470, 476.

The judgment below must be affirmed; and it is so ordered.