CHICAGO, R. I. & P. RY. CO. v. HALE.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1911.)

No. 3,093.

*(Syllabus by the Court.)*

1. DAMAGES (§§ 38, 40*)—PERSONAL INJURY—EVIDENCE OF PERSONAL EARNINGS ADMISSIBLE—PROFITS OF LABOR AND CAPITAL COMBINED INADMISSIBLE.

In action for damages for personal injury, the profits of a business or of the performance of a contract derived from the combination of capital and labor do not constitute a sound basis for estimating the earning capacity of the injured person, who furnishes a part of the labor.

But one whose earnings are derived from the use of his labor, skill, or knowledge, without the use of substantial capital, may prove the amount of such earnings at and for a reasonable time before the occasion of his wrongful injury, and a decrease thereof caused by the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88, 237–241; Dec. Dig. §§ 38, 40.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DAMAGES (§ 172*)—PERSONAL INJURY—FACTS—CONCLUSION.

 H. made a contract with a railroad company to load cars with gravel for a specified amount per cubic yard, and to furnish at his own expense all the teams, tools, scrapers, equipment, labor, powder, and other explosives necessary to do the work. He was injured while he was engaged in the performance of this contract, and over the objection of the defendant below he was asked and answered the question: "What were your earnings at the time of the accident?"

 *Held*, there was error in admitting this evidence as a basis for estimating his personal earnings, because the answer necessarily included the profits from his contract.

 [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490–492; Dec. Dig. § 172.*]

On rehearing. Reversed and remanded.

For former opinion, see 176 Fed. 71, 99 C. C. A. 379.

Before SANBORN and ADAMS, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. On the motion of the railway company this case has been reheard. Hale, the plaintiff below, had recovered a judgment against the company, and it had complained that at the trial he had been permitted over its objections to answer this question: "I will ask you to state to the jury what you were earning?" The contention of counsel for the company was that the question and the answer, which was, "About $12 a day," were irrelevant and immaterial, because they included both the value of the personal services of the plaintiff and the profits of a business enterprise combining skill and labor, and that contention was overruled at the former hearing, on the ground that the record at the time the question was asked did not disclose—

"that the plaintiff had combined any substantial capital with his labor in loading the cars. The contract that he was engaged in performing and the fact that other workmen were assisting him were the only pertinent facts in the record, and the case as it then stood fell fairly within the rule that one whose earnings are derived from his labor, skill, or knowledge, without the use of substantial capital, may prove the amount of those earnings at and for a reasonable time anterior to the occasion of his wrongful injury, and the decrease of these earnings necessarily affected by the injury." Chicago, R. I. & Pac. Ry. Co. v. Hale, 99 C. C. A. 379, 382, 176 Fed. 71, 74.

[1] A re-examination, in the light of the argument of counsel upon the rehearing, of the contract and of the testimony that had been produced in evidence when the question challenged was answered, has convinced us that the former conclusion that there was at that time no substantial evidence before the court that the plaintiff had combined any substantial capital with his labor in loading the cars was erroneous. The plaintiff had testified that at the time of the accident, on September 25, 1905, the time to which the question and answer refer, he was engaged in loading cars under his contract with the company, which was in evidence, and that he had been so engaged since some time in August, so that the question, "What were your earnings?" was, in effect, "What profits were you deriving from the

performance of your contract?" Now that contract was that the plaintiff, for 15 cents per cubic yard, should load with gravel the full number of cars required by the company, not exceeding 30 each day; that, for 10 cents per cubic yard, he should remove the dirt and earth upon the gravel; and that he should employ and furnish at his own expense all the teams, tools, scrapers, equipment, labor, powder, and other explosives necessary to do this work. It is obvious that this agreement could not be and was not being performed, and the profits from it were not being derived, without the combination of substantial capital with the personal labor or services of the plaintiff, and, therefore, the amount he was earning in the performance of the contract was not the true measure of his earning capacity. The profits of a business enterprise or of the performance of a contract combining capital and labor do not constitute a legitimate basis for estimating the earning power of one personally contributing the element of labor, where he has been wrongfully injured, so as to be unable to furnish that element. Boston & Albany R. R. Co. v. O'Reilly, 158 U. S. 334, 336, 15 Sup. Ct. 830, 39 L. Ed. 1006; Bierbach v. Goodyear Rubber Co., 54 Wis. 208, 211, 11 N. W. 514, 41 Am. Rep. 19; Johnson v. Manhattan Ry. Co., 52 Hun, 111, 114, 4 N. Y. Supp. 848; Leeds v. Metropolitan Gaslight Co., 90 N. Y. 26, 29; Masterton v. Village of Mt. Vernon, 58 N. Y. 391, 396.

[2] Counsel for the plaintiff below insist now, as they did at the first hearing of this case, that the error which has been considered should be disregarded, because the company failed in its assignment thereof to set out the substance of the answer to the question challenged, as required by rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii). But the answer to that question is the entire evidence which this record contains of the value of the services or of the earning power of the plaintiff below. If there is an error in the admission of the answer to that question, to which the company duly objected, it is fundamental, and when the evidence is rightly apprehended it is plain. It conditions a verdict of over $8,000. The same rule which requires a plaintiff in error to set forth the full substance of the objectionable evidence admitted provides that the court at its option may notice a plain error not assigned. It was for these reasons that this alleged error was noted at the former hearing, and they are not less cogent now.

The order affirming the judgment below must be vacated, the judgment must be reversed, and the case must be remanded to the court below, with instructions to grant a new trial; and it is so ordered.