# Muncey *v.* Pullman Taxi Service Co., Appellant.

*Negligence — Damages — Evidence — Loss of books — Proper search for books—Secondary evidence—Earning power—Profits.*

1. In a personal injury case, where plaintiff who conducted a detective agency, testifies that his books of account, covering several years, were lost, and the evidence offered by him is manifestly insufficient as to the search which he made for them, the admission of secondary evidence as to profits, and as to what the books would show, constitutes cause for reversal.

2. In such case, if the books cannot be found, and plaintiff testifies that he averaged $10,000 a year profit out of the business, defendant is entitled to information of the details of the business, of the system under which plaintiff employed numerous assistants, referred to in his testimony, of the receipts and expenditures and of the value of his own personal work, as distinguished from profits on capital invested or from the labor of others.

Argued October 18, 1920. Appeal, No. 170, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1537, on verdict for plaintiff in case of Frank W. Muncey v. Pullman Taxi Service Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass for personal injuries. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,560. Defendant appealed.

*Errors assigned* were (1) admission of evidence referred to in the opinion of the Supreme Court, quoting the record; (2, 3) portions of charge referring to measure of damages, quoting them.

*W. S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—As a general rule, original written accounts and books of accounts are the best evidence of the matters they contain, and, unless they are lost, or their absence is otherwise satisfactorily explained, their contents cannot be proved by parol.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.—The sufficiency of the proof of search for a lost instrument is generally left to the discretion of the trial judge: Gorgas v. Hertz, 150 Pa. 538; Howell v. Mellon, 189 Pa. 169.

The case of Llewellyn v. Wilkes-Barre, 254 Pa. 196, approximates the present case in many respects as to the evidence of past earnings.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

The stenographer's notes in this case open thus: "Defendant admits......it owned, and was operating, through one of its employees, a taxicab on the night of April 7, 1915, at a time when plaintiff was a passenger therein; that plaintiff was a passenger for hire; that he received certain personal injuries through the negligence of defendant's employee. There is involved......simply a question of the amount of damages."

The issue as to the damages was submitted to the jury and a verdict for a substantial sum found against defendant, on which judgment was entered; hence this appeal.

Appellant contends that—for the several reasons which we shall immediately discuss—the evidence, relied on to show damages, was insufficient in law; and that certain references thereto in the charge of the trial judge were unduly prejudicial to defendant. There is merit in both of these contentions.

Plaintiff, Frank W. Muncey, conducted a detective agency in the City of Pittsburgh, from 1906 to September following the accident, when his establishment was

sold out at a constable's sale, on a distress for rent; most of which rent, however, apparently accumulated during a period prior to his injuries.

Muncey testified that he employed "operators" to assist him in the business—"sometimes 100, sometimes 1, sometimes 20"; that he "averaged $10,000 a year profit out of the business"; that he kept books of account, showing receipts and expenses; and that these books had been lost, after the present suit was commenced.

Neither plaintiff nor his bookkeeper, or clerk, who appeared as a witness, undertook to say that the books, which they alleged had been lost, showed a profit of $10,000 a year; he simply asserted the fact that such a profit was made, and she gave no information on the point. In the language of the trial judge, at one stage of his charge, when speaking of this evidence, "He [plaintiff] said so [that he made $10,000 profit out of the business each year], and that is about all the evidence there is on that point."

This court, in two recent opinions, very fully discussed the law on the subject of proving damages in cases such as the one now before us. Mr. Justice KEPHART, in Baxter v. Phila. & R. Ry. Co. 264 Pa. 467, 472-6, makes a most thorough analysis of our decisions upon the point in hand. We there said: "Where it is impossible......to distinguish between the personal earnings of the individual and the return from capital invested and the labor of others, the net income, or net results, from such business, cannot be considered in determining the amount of damages to which the claimant is entitled; but where the predominating factor is the directing intellectual and physical labor of the individual, such business may be characterized as personal to that individual, though others......aid in the work......The worth of earning power, as applied to a business, must not be made up from profits which represent earnings from invested capital, or from the labor of others, or both.....; and each case must depend on the nature and extent of

the business, the amount of personal direction and labor of the party [meaning the plaintiff] engaged in connection therewith, as well as the capital invested and labor employed......The evidence [should give] a detailed description of the character of the business, and of the services performed by the [plaintiff] and his employees" respectively; so that, "considering the capital invested, and labor employed, the character of the services performed by [plaintiff], and the earnings realized therefrom, with all the other evidence in the case," it may be intelligently determined whether the average profits claimed are a safe criterion by which to judge the value of plaintiff's "services to his business."

Again, in Dempsey v. City of Scranton, 264 Pa. 495, 503, Mr. Justice FRAZER, discusses the same subject. We there state: "Inquiry into the character of the business is necessary, also [into] the capital and assistants employed."

In the present case, plaintiff's clerk, who kept his books, in answer to the question, "Did you know at the end of each month how much you had made that month?" replied "Yes, if I had gone into it, I could have found out to the cent." So far as the evidence shows, however, the witness did not take the trouble to go "into it"; and hence could not furnish any enlightening detail. This witness further said "We never figured on an average of what we made, because the business varied; some years it was very good, and then the next year it would not be." Plaintiff himself stated frankly that he could not even approximate his gross receipts or expenses in any given year.

No effort was made to give any detailed description of the business, or to prove the actual receipts and expenses; nor did plaintiff attempt to explain the system under which the numerous employees, referred to in his testimony, were compensated, nor in any way to show their relation to the profits alleged to have been earned by him; nor, in fact, to depict in any manner the con-

duct of his business, as required by our cases: see Baxter v. R. R. and Dempsey v. Scranton, supra, and authorities there cited.

In a case such as the one now before us, where it is admitted that books of account, showing the receipts and expenses of a business, were kept during a period of years prior to the time plaintiff claims his loss occurred, the entries in these accounts—having been made at a time when there was no anticipation of their use for the purpose of showing a profit to plaintiff from his business—would possess peculiar evidential value on a point which, unless plaintiff from memory or otherwise can furnish some detailed information, it must be difficult to prove satisfactorily; therefore the books should either be produced at the trial, or their nonproduction properly accounted for.

The ordinary rule is that "the sufficiency of the proof of search for a lost instrument is generally left to the discretion of the trial judge" (Gorgas v. Hertz, 150 Pa. 538, 540); but it is equally well established that, if the proof be manifestly insufficient, the admission of secondary evidence, as to what the missing document, here books, would best show, constitutes cause for reversal: Hemphill v. McClimans, 24 Pa. 367, 370.

In the present case, the only evidence, as to a search for the missing books of account, is as follows: (1) a declaration that they had not been seen since the constable's sale in September, 1915; and (2), plaintiff's assertion that he had looked for them "at [his] home," by "searching [his] books and papers." Miss Wertz, plaintiff's clerk, simply stated that, although she was present until the office was "closed up," she did not know where the books were. So far as the evidence shows, this witness made no effort to search her effects; nor did plaintiff inquire of the constable, who officiated at the sale, or of the purchasers thereat, to ascertain the whereabouts of the books. Moreover, plaintiff did not state just what books had been lost, or whether his bank and check books, were

among the missing ones; and, if they were not, he failed to explain their nonproduction. In short, the evidence as to the alleged search is manifestly insufficient.

We do not mean to rule that it is always necessary to produce books of account, in order to prove damages in a case of this character; but, on the peculiar facts at bar, if plaintiff's books can be found by proper search, defendant is entitled to have them in court. If the books cannot be produced, defendant is entitled to the detailed information required by our decisions. To employ the language of Justice MESTREZAT, in Buckman v. Ry. Co., 227 Pa. 277, 280, possibly the information was not furnished at the trial under review because "the witnesses had not given the matter sufficient consideration before they were called to testify"; if so, this can no doubt be remedied before another trial occurs.

As noted in Dempsey v. Scranton, supra (p. 499), the general rule is that profits from a business are not evidence to prove damages in a personal injury case; but there are exceptions to this rule. The difficulty here, however, is, as previously pointed out, that the evidence adduced at the trial is lacking in detail, and a court of review cannot tell therefrom whether the case falls within the general rule or may be classed as an exception thereto.

While perhaps the charge of the court is open to the criticism, made by appellant, that the learned trial judge "iterated and reiterated" the fact that plaintiff claimed to have lost $10,000, as though the latter had really proved such a loss, and that he also stated to the jury certain of plaintiff's complaints, as though they were established facts, yet we might hesitate to reverse on these alleged errors alone if they were the only ones in the case; but, when the record is taken as a whole, we are convinced that, for the reasons already stated, a new trial must be granted. It is to be assumed that, when the case is next heard, the court will avoid the apparent slips in the charge to which we refer.

The judgment is reversed with a venire facias de novo.