## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* ELLIS, ADMINISTRATRIX.

[No. 12,117.   Filed December 10, 1925.]

1. PLEADING.—*Different acts of negligence may be averred in single paragraph of complaint where they all constitute one cause of action.*—Different acts of negligence may be averred in a single paragraph of complaint, where there is but a single cause of action, without making such complaint amenable to a motion to separate into paragraphs.   p. 704.

2. RAILROADS.—*No positive duty to maintain watchman or gates at highway crossing.*—In the absence of an ordinance, order of the Public Service Commission or other proper authority, no positive duty is imposed by law on a railroad company to maintain a watchman or gates at a highway crossing.   p. 704.

3. PLEADING.—*Allegation that it was the duty of railroad company to maintain watchman or gates at crossing should have been stricken out of complaint charging negligence in operation of train.*—In a complaint against a railroad company charging negligence in the operation of a train over a highway crossing at a reckless speed of forty miles per hour without sounding the whistle or ringing the bell or giving any notice or warning of the approach of such train and also charging obstruction to the view of one approaching the crossing from a named direction by trees, shrubs, buildings, embankments and box cars left standing on the side track, an allegation that, because of said obstructions, it was the duty of the railroad company to maintain a watchman or gates at said crossing, should have been stricken out of complaint, on motion to that effect.   p. 704.

4. RAILROADS.—*Persons crossing tracks at highway crossing has no right to rely on his knowledge of train schedules.*—One crossing railroad tracks at a highway crossing has no right to rely on his knowledge of train schedules, and the fact that he was misled and deceived by train being late would not constitute negligence on the part of the railroad company.   p. 705.

5. TRIAL.—*Plaintiff alleging different acts of negligence by defendant should not be required to elect as to theory of case.*— Where plaintiff alleges different acts of negligence on the part of defendant, all constituting the cause of action, the plaintiff should not be required to elect as to the theory on which he will try the case. p. 705.

6. PLEADING.—*Memorandum accompanying demurrer to complaint for negligence held too general to present any question.* —A memorandum accompanying a demurrer to a complaint charging negligence which merely states that the complaint affirmatively shows that plaintiff was guilty of contributory negligence is too general to present any question as to the complaint. p. 706.

7. DEATH.—*Profits of business enterprise and income from rental property should not be considered in determining decedent's earning power.*—In an action for the wrongful death of a husband and father, neither the profits of a business enterprise, combining both capital and labor, nor income from rental property, should be considered in determining the earning power of the decedent. p. 706.

From Washington Circuit Court; *James L. Tucker,* Judge.

Action by Maude E. Ellis, as administratrix, against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*C. C. Hine* and *Alfred Evens,* for appellant.

*Bayless Harvey, W. H. Hottell* and *W. E. Cox,* for appellee.

NICHOLS, C. J.—Action for damages brought by appellee as administratrix of the estate of Lawrence D. Ellis, deceased, on account of alleged injuries received by him in a railroad grade crossing accident at the intersection of appellant's railroad tracks and a public highway in the town of Paoli, Indiana, on March 12, 1923. There was a collision at said crossing between one of appellant's passenger trains and an automobile truck being driven by him, as a result of which it is

alleged that he received injuries that resulted in his death.

There was a trial by jury which resulted in a verdict against appellant for $4,500, on which judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal, appellant presenting as errors the questions hereinafter discussed. The complaint is very long covering eleven pages of the record. Briefly stated, it charges that appellant negligently left cars standing on its side track, on either side of the highway, the distance between the ends of which cars did not exceed thirty feet; that appellant operated its train over and upon said crossing at a negligent and reckless speed, to wit, forty miles per hour; that the employees of appellant in charge of said train, saw appellee's decedent in a place of danger, in time, in the exercise of ordinary care, to have stopped the train and prevented the injury, upon the theory of the "last clear chance"; and, that appellant negligently failed to sound the whistle on the engine, not less than eighty nor more than 100 rods from the crossing and negligently failed to ring the engine bell continuously from said point until the crossing was reached, and negligently failed to give any notice or warning of the approach of its train. It averred therein, at great length, obstruction to view of one approaching the crossing on the highway from the north by trees, shrubs, buildings, embankments, a high hill and box cars left standing on the side track, and that, because of said obstructions to view, the crossing was a dangerous crossing, and that it was the duty of appellant to maintain a watchman or crossing gates or bars at the crossing, to warn travelers upon the highway of its approaching trains.

It was also averred that appellee's decedent was familiar with the train schedules of appellant, that the

train involved in this accident was running late, that plaintiff's decedent did not know the train was running late and thought it had passed the crossing, and was "thereby deceived and misled."

There was no reversible error in overruling appellant's motion to separate the complaint into paragraphs. It is well established that different acts of negligence may be averred in a single paragraph of complaint where there is but a single cause of action. *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 268; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223, 81 N. E. 670. It was appellee's privilege to include in her complaint as many acts of negligence as she thought in any way contributed toward producing the accident, without making such complaint amenable to a motion to separate into paragraphs. *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 84 N. E. 341; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033.

There is no positive duty imposed by law upon a railroad company to maintain a watchman or gates at a highway crossing, in the absence of an ordinance, or order of the Public Service Commission, or other proper authority. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740. While the absence of a watchman or of gates might be shown as a circumstance attending the operation of the train, from which to determine, in connection with the amount of travel habitually passing over the crossing and all other circumstances, whether the operation of the train in the manner and at the speed that it was operated was negligence (*Terre Haute, etc., Traction Co.* v. *Phillips, supra*), yet there was no positive duty resting on appellant to maintain a watchman or gates at the crossing, and the charge of such duty, and such

it is, in effect, should have been stricken out of the complaint. *Ohio Electric Co.* v. *Evans* (1922), 77 Ind. App. 669, 134 N. E. 519. But the error was rendered harmless by appellant's instruction three, which was given by the court, and which instructed the jury clearly that no rule of law required appellant to maintain either a watchman or gates, and that no actionable negligence could be predicated upon the fact that no such watchman or gates were maintained.

Appellee's decedent had no right to rely upon train schedules when he was attempting to cross appellant's tracks, and the fact as alleged that he was misled

4. and deceived by the train being late was not available to appellee to maintain her charge of negligence against appellant. This averment of her complaint, however, was rendered harmless by appellant's instruction five given by the court, which instructed the jury that a traveler upon a highway in approaching and entering upon a railroad grade crossing is not justified in relying on his knowledge of train schedules as a means of determining whether or not it is safe to enter upon the crossing, and that he must realize and have in mind that a train may be approaching on such railroad from either direction at any time, and that he must govern his conduct in looking and listening accordingly.

There was no error in overruling appellant's motion to require appellee to elect as to what theory she intended to try her case upon. She had a right to

5. prove any or all of her alleged acts of negligence, and proof to the satisfaction of the jury that any one or more of the alleged acts was the proximate cause of the injury and death of appellee's decedent would have justified a recovery.

The memorandum to appellant's demurrer to the com-

plaint states only that the complaint shows affirmatively that the decedent was guilty of contributory neg-

6. ligence, which proximately contributed to his injury and death. This is too general to present any question to the trial court or to this court. It was incumbent upon appellant to point out specifically each particular insufficiency of the complaint demurred to, and failing so to do, it waives its objection not specifically stated. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Lake Erie, etc., R. Co.* v. *Howarth* (1919), 73 Ind. App. 454, 127 N. E. 804.

At the trial of the case, it appeared by the undisputed evidence that appellee's decedent was at the time of his death engaged in the feed business as a

7. partner of a Mr. Coulter; that he owned a farm that was operated by a tenant; that he owned a rental property that was rented to two tenants. Mabel Ellis, the daughter of the decedent, was permitted to testify over the objection of appellant that the decedent earned something near $10 a day. Upon cross-examination, she testified that she included in the $10 per day, his income from the partnership business, his income from the farm, and his income from the rental property. This was error. Appellant has properly assigned that the damages are excessive, and for this error, the judgment must be reversed. The profits of a business enterprise, combining both capital and labor do not constitute a legitimate basis for estimating the earning power of one wrongfully injured. Nor can the profits of a farm, nor the proceeds of rental properties, be included in estimating such earning power. *Chicago, etc., R. Co.* v. *Hale* (1911), 186 Fed. 626, 108 C. C. A. 490; *Muncey* v. *Pullman, etc., Co.* (1920), 269 Pa. 97, 112 Atl. 30; *Goodhart* v. *Pennsylvania R. Co.* (1896), 177 Pa. St. 1, 35 Atl. 191, 55 Am. St. 705; *Johnson* v. *Manhattan R. Co.* (1889), 4 N. Y. Supp. 848,

52 Hun. 111; *Masterton* v. *Mount Vernon* (1874), 58 N. Y. 391; *Normandin* v. *Kansas City* (1918), 206 S. W. (Mo. App.) 913.

Judgment reversed, with instruction to grant a new trial.