CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* SANDERS.

[No. 11,745. Filed March 21, 1924.]

1. APPEAL.—*Review.*—*Motion to Make More Specific.*—*No Injury.*—*Harmless Error.*—The ruling denying a motion to make a pleading more specific is harmless error where it appears from the record that appellant was not harmed thereby. p. 276.

2. TRIAL.—*Instruction.*—*Contributory Negligence.*—In an action for personal injuries and for damages to plaintiff's automobile, charged to have resulted from defendant's negligence, an instruction that plaintiff was entitled to recover for the inju-

ries to his person and the damages to his property if a preponderance of the evidence established the material facts stated in the complaint, was erroneous, as it ignored the question of contributory negligence, which was raised on the trial, but the error was held harmless under the evidence. p. 277.

3. RAILROADS.—*Crossing Accident.*—*"Look and Listen" Rule.*— It is always the duty of a traveler upon a public highway approaching a railroad grade crossing, with knowledge of its existence, to use ordinary care to avoid injury, which includes looking and listening for approaching trains.   p. 277.

4. RAILROADS.—*Crossing Accident.*—*Backing Train.*—*Nighttime.* —Backing a train over a street crossing in the nighttime without a rear light is not negligence *per se*, in the absence of statutory or ordinance regulation requiring it.   p. 278.

5. TRIAL.—*Instructions.*—*When Should be Given.*—Instructions which correctly state the law applicable to the case on trial, when not covered by other instructions, should be given.   p. 278.

From Orange Circuit Court; *James L. Tucker,* Judge.

Action by Leslie Sanders against the Chicago, Indianapolis and Louisville Railway Company.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*C. C. Hine* and *Alfred Evens,* for appellant.
*Bayless Harvey,* for appellee.

REMY, C. J.—Appellee was driving an automobile on one of the streets of the city of Mitchell, when, at a railway grade crossing, the automobile came in collision with a railroad train which was being operated backwards by appellant.   This action is by appellee against appellant for damages to his person and the automobile resulting from the collision.   The complaint is in a single paragraph.   A motion to require appellee to make his complaint more specific having been overruled, issues were joined by answer in denial.   Trial by jury resulted in a judgment for appellee.

The motion to make the complaint more specific might with propriety have been sustained in part, but it

1.   clearly appears from the record that appellant was in no way injured by the court's ruling.   The

error, if any, was harmless. *Berkey* v. *Montwheler* (1921), 76 Ind. App. 386, 132 N. E. 386; *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122.

By instruction No. 1 given at appellee's request, the members of the jury were told that if the material facts stated in the complaint had been established by a preponderance of the evidence, appellee was entitled to recover both for the injuries to his person and the damages to his property. Appellant concedes that the instruction correctly states the law as to appellee's action for damages to his automobile, but contends that as to the action for personal injuries, to which, on the trial, the defense of contributory negligence was interposed, the instruction was erroneous for the reason that it ignores the question of contributory negligence. Appellant having combined his claims for personal injuries and property damage in a single paragraph of complaint, the instruction would have been in better form if it had contained a correct statement of the law as to both branches of the action, but, under the evidence as shown by the record in this case, there was no error in the giving of the instruction. If the cause is retried the instruction should not be given in its present form.

The court by instruction No. 2 given at appellee's request told the jury that it was not incumbent upon a traveler on a public highway, when approaching a railway crossing at grade, to look and listen for approaching trains, "unless by so doing, under all the circumstances surrounding him, he might reasonably avoid the injury." It is always the duty of a traveler upon a public highway when approaching a grade crossing of a railroad, with knowledge of its existence, to use ordinary care to avoid injury; and ordinary care requires that he use his senses of sight and hearing to discover approaching trains. *Malott* v. *Hawkins*

(1902), 159 Ind. 127, 63 N. E. 308; *Chicago, etc., R. Co.* v. *Thomas, Admr.* (1900), 155 Ind. 634, 58 N. E. 1040; *Smith* v. *Wabash, etc., R. Co.* (1895), 141 Ind. 92, 40 N. E. 270; *Lake Erie, etc., R. Co.* v. *Moore* (1912), 51 Ind. App. 110, 97 N. E. 203. The giving of the instruction was error.

Instruction No. 7 given at appellee's request informed the jury that the backing of a train over a street crossing "in the nighttime when it was dark" without a light on the rear of the backing train is negligence as a matter of law. There was at the time no statute requiring such a light, and no ordinance is pleaded. The complaint which charges, as one of the acts of negligence, that the train was being operated backwards without a light on the rear thereof, is based upon common-law negligence. Common-law negligence is always the failure to exercise ordinary care; and while ordinary care in the operation of a railroad train backwards over a street crossing at night may, under some circumstances, require the display of a light on the rear of such train (*Pittsburgh, etc., R. Co.* v. *Terrell* [1911], 177 Ind. 447, 457, 95 N. E. 1109, 42 L. R. A. [N. S.] 367; *Cleveland, etc., R. Co.* v. *Miles* [1904], 162 Ind. 646, 70 N. E. 985; *Lake Shore, etc., R. Co.* v. *Boyts* [1897], 16 Ind. App. 640, 45 N. E. 812), it cannot be said that, under any and all circumstances, the backing of a railroad train over a street crossing in the nighttime is negligence *per se.* Under the facts as pleaded, and as shown by the evidence in this case, the instruction should not have been given. See *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 391, 132 N. E. 740.

Instructions numbered 9, 14, 15, 16, and 28 tendered by appellant correctly state the law as applicable to the case, and not having been covered by other instructions to the jury, should have been given.

Other questions presented may not arise on a retrial, and are not discussed in this opinion.

Judgment reversed, with instructions to grant a new trial.