## Chicago, Indianapolis and Louisville Railway Company *v.* Blankenship.

[No. 12,334.  Filed November 19, 1926.]

1. **Railroads.**—*Complaint for personal injuries received in railroad crossing accident held not to show plaintiff's contributory negligence.*—A complaint against a railroad for injuries received in a crossing collision was not bad as showing plaintiff's contributory negligence although it alleged that plaintiff's attention was first called to the approaching train which struck him when it was within seventy-five feet of the crossing and plaintiff's automobile was within fifteen feet of the crossing, that plaintiff was unable to stop his automobile until

Chicago, etc., R. Co. *v.* Blankenship—85 Ind. App. 332.

it was struck by the locomotive of the train, as the plaintiff may have been placed in the perilous position by the failure of the train operatives to give the statutory signals until seventy-five feet from the crossing. p. 334.

2. RAILROADS.—*Instructions leaving to jury question of railroad's negligence in failing to maintain warning bell and second crossing sign at crossing held erroneous.*—In an action for personal injuries received while driving an automobile over a railroad crossing, instructions leaving to the jury the question of the defendant's negligence in not installing and maintaining a warning bell and a second crossing sign at such crossing was erroneous, where there was no ordinance or order of the Public Service Commission or other public authority requiring the maintenance of such warning devices. p. 336.

3. RAILROADS.—*Absence of warning devices at highway crossing is but condition of the crossing imposing on trainmen duty to use due care in operating train over same.*—The absence from a highway crossing of a crossing sign, bell or other warning device to give notice of the crossing or the approach of a train thereto is but a condition or circumstance connected with the crossing which imposes on the persons operating a train thereover the duty to use due care in its operation, the *quantum* of such care being proportionate to the speed of such train and the surroundings of such crossing. p. 338.

4. TRIAL.—*Instruction to consider plaintiff's acquaintance with railroad crossing in determining whether defendant was guilty of contributory negligence palpably erroneous.*—In action against a railroad company for personal injuries from being struck by a train when driving an automobile over a crossing, an instruction that the jury might consider plaintiff's acquaintance or lack of acquaintance with the crossing in determining whether the *defendant* was guilty of contributory negligence was palpably erroneous. p. 340.

5. TRIAL.—Instruction authorizing the allowance of damages for mental anguish when none was alleged in the complaint was erroneous. p. 341.

6. APPEAL.—*Damages will be presumed excessive when instruction authorized damages for an element beyond the issues.*—In an action for personal injuries, where an instruction erroneously authorized the allowance of damages for "mental anguish" when not alleged or demanded, a verdict for the plaintiff will be presumed to include such damages and, therefore, excessive. p. 341.

7. NEGLIGENCE.—The use of the word "actionable" in instruction referring to negligence which was the proximate cause of the injury sued for was not error. p. 341.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by Frank Blankenship against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*C. C. Hines* and *Alfred Evens,* for appellant.

*Fraser & Isham, William S. Isham, Elmore Barce* and *J. Edward Barce,* for appellee.

ENLOE, C. J.—The appellee brought this action to recover damages for personal injuries sustained when the automobile which he was driving was struck by a passenger train of appellant, at a highway crossing in the town of Battle Ground, on April 23, 1921. A trial upon the issues resulted in a verdict in favor of the appellee for the sum of $9,000, upon which judgment was rendered. The errors assigned and presented challenge the action of the court in overruling a demurrer to the complaint, in overruling motion at the close of all the evidence for a peremptory instruction, and in overruling motion for a new trial.

It is insisted that the complaint, which is in one paragraph, is bad as a matter of law in that "it conclusively shows the appellee to have been guilty of contributory negligence," in trying to cross the track in front of the said approaching train, when he, "at the time, knew of the presence of said train and that it was approaching said crossing." The allegation upon which appellant relies as showing such contributory negligence is as follows: "That as plaintiff approached said crossing he was driving said automobile carefully and prudently, at a speed of not to exceed ten miles an hour, when his attention was first called to the presence of said railroad and said train by the sharp whistle of defendant's said engine. That at the time said train

was within seventy-five feet of said crossing and said automobile was within fifteen feet of said crossing, and that said plaintiff was not able to stop his said automobile until the same was struck by said locomotive engine of defendant; * * *." We cannot concur in appellant's contention. The appellee was, when he discovered the approach of said train, in a situation of danger. He was in a situation where he must choose, and quickly, whether he should try to stop his car before he reached said tracks, knowing that failure so to do would, in all probability, be fraught with most serious consequences to himself, or to keep going and try to clear the tracks before the train reached said crossing, was a question for him to determine, and if he was drawn into this position of peril by the failure of the appellant to give the signals required by statute of the approach of said train to said crossing, the appellant is not in a position to complain of any mistake in judgment on the part of appellee. Under the allegations of the complaint and the answer thereto, the question of contributory negligence was one of fact for the jury. The court did not err in refusing to give the requested instruction, the crossing in question, as to the view which a traveler had of an approaching train, being, to some extent, an "obstructed crossing."

It is next urged that it was error to overrule appellant's motion for a new trial. Under this motion, instructions numbered 1 and 4, given at the request of appellee, are first assailed.

In the complaint the existence of buildings, trees, embankments, and other objects in the vicinity of said crossing is alleged, and it is also alleged that the same was, by reason of its location and surroundings, a "dangerous crossing." The complaint also alleges that the appellant was negligent in not placing a "crossing sign" on the *east* side of said railroad track to warn

persons approaching said crossing from the east of the presence of said railroad track. Appellee also complained of the absence of a "signal bell" at said crossing, the averments in the complaint, as to the cause of said collision and the consequent injuries to the appellee being as follows: "That said collision, and the consequent injuries of the plaintiff, was solely caused by the negligence and carelessness of defendant in failing to install and maintain a crossing bell or other device or signal at said crossing at said time; by defendant's carelessness and negligence to erect and maintain a crossing signboard at said crossing on the east side of said track; and because said defendant carelessly and negligently failed and neglected to give the statutory signals and failed and neglected to blow any whistle or ring any bell of said engine until within seventy-five feet of said crossing."

Appellant's tracks ran in a north and south direction; the road in question crossed said tracks at practically right angles, approaching them from the east, and the record shows affirmatively, and without dispute, that the appellant had theretofore erected, and then maintained, on the northerly side of said highway and to the west of its tracks, a signpost with cross arms thereon bearing the legend: "DANGER, RAILROAD CROSSING," but it was charged in the complaint, as an act of negligence, that it had failed to place this signpost, or a similar one, east of its said tracks and along said highway. By instruction No. 1, given by the court at the request of the appellee, after stating the acts of negligence charged in the complaint, as above stated, the jury was told that under the issues, the answer being a general denial, it was for them to say, under the evidence given in said cause, "whether the defendant was or was not guilty of negligence in failing to establish and maintain a crossing-sign near

the highway east of this crossing, and also whether the defendant was or was not guilty of negligence in failing to have established and maintained at and before the plaintiff came upon this crossing, a signal bell." Instruction No. 3, given at the request of appellee, was in relation to "statutory signals" to be given by a train when approaching a highway crossing, and by instruction No. 4, given at the request of appellee, the jury was told, *inter alia,* that "These provisions do not necessarily, fully measure in all cases, the duty enjoined by law upon a railroad company when its engine is approaching a highway crossing. If the jury should find from the evidence, that the crossing referred to in the complaint, because of obstructions, natural or artificial, location or situation, as described in the complaint, was so hazardous, as that men of ordinary prudence, operating a railroad and running engines and cars over this crossing would under like or similar circumstances give other and additional warning of its purpose to use the highway crossing in question, and the defendant had knowledge of the danger and hazard, and failed or neglected to give such other warning as ordinarily prudent men would give under such circumstances, then it is a question of fact for you to determine whether in this particular case the things done by the defendant were such things as men of ordinary prudence would do, and if you find that the defendant neglected to take any reasonable precaution, which men of ordinary prudence would not neglect under like circumstances, then it becomes a question of fact for you to determine whether the defendant was or was not negligent in any of the respects mentioned in the complaint in operating its engine and cars over said crossing, at the time and in the manner and with the warning, if any, that you may find was given." There was no charge in the complaint

herein that said train was then and there being negligently run and operated at a high and dangerous rate of speed, or that, in view of the use of said crossing and its physical surroundings, the speed of said train was excessive. That part of instruction No. 4 above set out must therefore be taken and considered as having reference to the allegations contained in the complaint, otherwise it would be on matters entirely without the issues and therefore erroneous. Construed as having reference to the allegations of negligence contained in said complaint only, each of these said instructions Nos. 1 and 4, simply left it to the jury to say whether or not, under the circumstances and surroundings of said crossing as alleged in the complaint, the appellant company was negligent in not placing a "signpost" east of said crossing, and in not having "an electric bell or other signal device" installed at said crossing to warn travelers upon said highway of the approach of trains. No ordinance of any municipal corporation was pleaded, nor was any order of any board, commission, or other public authority pleaded as being the foundation for the claim that such duty rested upon appellant; these allegations rest upon a supposed common-law duty.

The absence of a bell or signal device, or the absence of a signpost to give warning of the location of a railroad track, cannot be the *efficient active* cause of an injury; the *efficient active* cause in these collision cases is the movement of the train, and the absence of signs, bell, flagman, or warning device are but conditions surrounding such crossing which impose upon the person or persons operating a train thereover the duty to use due care in its operation, the *quantum* of such care being proportionate to the speed of such train and the surroundings of such crossing. In *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740, it was said: "Actionable

negligence consists of the three elements of (1) a duty imposed by law to do or not to do a certain thing, (2) a violation of that duty by doing the prohibited thing, or by failing to do the thing commanded and (3), an injury proximately caused by such violation of duty." In said case it was further said: "The failure to provide a bell or watchman at a highway crossing in the country to warn travelers could only be actionable negligence if it violated some duty imposed by law upon the railroad company. And no positive duty to install such warnings is imposed by the law of Indiana, except where an order * * * has been made by the Public Service Commission * * * or other proper authority. At common law the fact that there was no electric bell or watchman might be shown, as a circumstance attending the *operation* of the car, from which to determine, in connection with the amount of travel habitually passing over the crossing and all other circumstances, whether or not *the operation of the car in the manner and at the speed that it was operated* was negligent. But a duty to *run* a car with care in view of the fact that there are no special warnings at the crossing is not the same as a duty to provide and maintain a bell or watchman no matter how the car is run. There is no duty under the common law to place a bell, watchman, or other special warning at a highway crossing in the country." (Our italics.) On page 388 of said opinion, the court further said: "To be guilty of negligence in operating a car or train at a certain rate of speed under certain circumstances, over a crossing that is not protected by a watchman or bell or other special warning, is not the same as being guilty of negligence in failing to station a watchman or bell or other signal at a crossing over which cars and trains might be operated more slowly and under other circumstances with safety."

In the case of *Ohio Electric Co.* v. *Evans* (1922), 77 Ind. App. 669, 134 N. E. 519, the trial court, by certain instructions given to the jury, had left it to the jury to say whether the failure to give certain signals, and to install a warning device, was negligence. That was exactly what the trial court did in this case. In the Evans case, this court, citing the Phillips case, *supra,* said: "In no part of this series of  *  *  *  instructions pertaining to want of signals is there any reference to the speed at which the car may be run or the manner in which it is being operated," and the instructions complained of were held to be erroneous.

In *Chicago, etc., R. Co.* v. *Ellis, Admx.* (1925), 83 Ind. App. 701, 149 N. E. 909; this court said: "There is no positive duty imposed by law upon a railroad company to maintain a watchman or gates at a highway crossing, in the absence of an ordinance, or order of the Public Service Commission, or other proper authority (citing authorities). While the absence of a watchman or of gates might be shown as a circumstance attending the operation of the train, from which to determine, in connection with the amount of travel habitually passing over the crossing and all other circumstances, whether the operation of the train, in the manner and at the speed that it was operated was negligence,  *  *  *  yet there was no positive duty resting on appellant to maintain a watchman or gates at the crossing, and the charge of duty, and such it is, in effect, should have been stricken out of the complaint." See, also, *Chicago, etc., R. Co.* v. *Sanders* (1924), 81 Ind. App. 275, 143 N. E. 175. Under these authorities, the giving of each of the above instructions was error.

4. Instruction No. 5, given at the request of the appellee was not correct. By it the jury was told that it might consider the appellee's acquaintance or lack of acquaintance with the crossing in ques-

tion, "in determining whether or not the *defendant* was or was not guilty of contributory negligence." The defect in this instruction is so palpable that no comment is necessary.

The appellant has also assigned as a reason for a new trial that the damages assessed are excessive. There is no allegation in the complaint of any "mental anguish" suffered as being consequent upon said injury, and no damages were asked on account of such element, yet the court, at the request of appellee, in instruction No. 7, told the jury that if it found for the plaintiff, in assessing his damages, it should allow and compensate him not only for the physical pain and suffering which he had endured, but also for that which he would endure in the future, if any such pain and suffering were shown by the evidence, but that it should allow to him damages on account of "mental anguish resulting from his physical injuries that he will sustain in the future." It follows that the above instruction was, as to the element of "mental anguish," erroneous, and as we have no way by which we can determine that the jury did not follow the above instruction, and the presumption is that it did follow said instruction, and include in its verdict compensation for such mental anguish, the verdict, to that extent at least, must be deemed excessive, as including damages for an element not within the issues.

Complaint is also made of the use of the word "actionable" in instructions Nos. 3 and 4 above referred to, in speaking of negligence. As this word was used in speaking of negligence *which was the sole proximate cause of an injury,* the instruction, as to this last matter, was not erroneous.

Complaint is also made of the refusal of the trial court to give certain instructions requested by appellant. What we have heretofore said as to the allega-

tions of negligence contained in the complaint, will, we think, obviate their discussion in detail and be a sufficient guide for the court in subsequent proceedings herein.

For the errors above indicated this cause is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.

Remy, J., dissents.