Bon Homie & H. S. R. Co. *v.* Ferguson.

(Division A. May 4, 1931.)

[134 So. 146. No. 29434.]

434

Paul B. Johnson, J. R. Tally, and Stevens & Heidelberg, all of Hattiesburg, for appellant.

Currie & Currie, of Hattiesburg, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellee was injured in a collision of an automobile in which she was riding, with one of the appellant's trains, at a grade crossing; and this is an action by her for the recovery of damages for injuries alleged to have been sustained thereby. The declaration contains several counts. The first alleges that no bell was rung or whistle blown as the train approached the crossing; the second that the appellant was negligent in not stationing a flagman at the crossing to warn travelers on the road of the approach of trains; the third alleges that the train approached the crossing at a negligently high rate of speed; and the fourth alleges, in substance, merely that the appellee was struck and injured by one of the appellant's trains while it was being negligently operated by its servants.

The appellant's railroad crosses a public, but infrequently traveled, road just north of a flag station at which there is a side track for the use of trains passing each other at this point. The railroad runs practically north and south, and for a short distance south of the crossing is paralleled by a public road. On the occasion in question a freight train, traveling south, entered the side track, and stopped thereon, blocking the crossing for a period of approximately twenty minutes. The automobile in which the appellee was riding was traveling north on the public road, in which direction the train which struck it was also going. Just before the automobile reached the crossing, the freight train moved south far enough to clear the crossing, and, when the automobile reached the main tracks, it struck, or was struck by, the north-bound train.

According to the appellee's evidence, the train with which the automobile collided approached the crossing at a speed of twenty-five or thirty miles an hour without signal by bell or whistle, and no flagman was stationed at the crossing to warn travelers of the approach of trains. In the absence of a train on the side track, travelers on the road, approaching the crossing, had a clear view of the main track both north and south; but the view south of the crossing was obstructed on the occasion in question by the freight train that was then on the side track.

The appellee was not driving the automobile herself, and the disposition to be made of the case does not require any statement of the evidence relative to the care, vel non, of the driver of the automobile in approaching the crossing.

The court below granted the appellee an instruction substantially in the language of section 1580, known as the prima-facie evidence statute, and another charging the jury, in substance, to find for the appellee in event the evidence discloses that it was reasonably necessary for a servant of the appellant to be stationed at the cross-

ing to warn persons traveling on the public road of the approach of the appellant's trains, and that the appellant's failure to station a servant at the crossing for that purpose contributed to the appellee's injury.

The appellant requested, but was refused, an instruction charging the jury to find for it on the second ground of the declaration.

The prima facie evidence instruction should not have been given; New Orleans & G. N. R. Co. v. Walden (Miss.), 133 So. 241. The appellant objected to this instruction in the court below in its motion for a new trial, for the specific reason that section 1580, Code of 1930, violates the due process clause of the Fourteenth Amendment to the Federal Constitution; and one of the appellee's contentions is that the appellant must be confined to that objection in this court, and that, as there is no merit therein, the granting of the instruction cannot be held to be error. It will not be necessary for us to decide that question, for the reason that the judgment of the court below must be reversed on another ground.

A railroad company owes travelers on roads crossing its tracks at grade the duty of exercising ordinary care to prevent their being injured by its trains; but, in the absence of a statute so providing, it is under no duty to station a servant at such crossing to warn travelers on the road of the approach of trains to the crossing, 52 C. J. 202; Houghkirk v. President, etc., Delaware, etc., Co., 92 N. Y. 219, 44 Am. Rep. 370; Terre Haute, I. & E. Traction Co. v. Phillips, 191 Ind. 374, 132 N. E. 740; Chicago, I. & L. Co. v. Blankenship, 85 Ind. App. 332, 154 N. E. 44, unless the crossing is, or the evidence justifies the jury in finding that it is, more than ordinarily hazardous, 52 C. J. 204; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485.

Ordinarily travelers on this road incurred little if any danger in crossing the railroad at this intersection, provided they used due care in so doing, and the increased hazard here attached thereto, if such there was, grew

out of the fact that a freight train was then temporarily on the side track. This increased hazard may have necessitated greater care on the part of the appellant's servants in charge of the north-bound train in approaching the crossing than would have been necessary had a flagman been stationed at the crossing to warn travelers on the road of the approach of the train; but the absence of such a flagman does not, of itself, constitute a ground of negligence. The instruction requested by the appellant, charging the jury to find for it on the second count, should have been given, and the instruction permitting the jury to find that the appellant was negligent in not stationing a flagman at the crossing should have been refused.

It will not be necessary for us to pass on the other assignments of error.

Reversed and remanded.